**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **SINGLE POINT CONSTRUCTION, LLC** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Case: 1:08-cv-00412 |
| | * | Hon. Rosemary Collyer |
| **DICKINSON CAMERON** | * | |
| **CONSTRUCTION COMPANY, INC.,** | * | |
| | * | |
| **Defendant.** | | |

**JOINT REPORT AND PROPOSED ORDER**

Plaintiff and Counter-Defendant Single Point Construction, LLC, and Defendant and Counter-Plaintiff Dickinson Cameron Construction Co., Inc., by their undersigned counsel, submit this report and proposed order in accordance the Court's Order for Initial Scheduling Conference and Local Rule 16.3.

**Single Point's Statement of the Case**

Single Point was a demolition, structural steel, concrete and masonry subcontractor to Dickinson Cameron in 2007, under four written agreements on a project for construction of a clothing store at the renovated Woodward & Lothrup Building at 10th and F Streets, N.W. Single Point's work on the project was significantly altered as a result of conditions that were not depicted or misrepresented on the project drawings. Single Point seeks a balance of $86,875.00 on the four subcontracts, and $74,320.36 for the changed and extra work that was primarily necessitated by the defective drawings, for a total principal amount due of $161,195.36.

**GRANT, RIFFKIN &**
**STRAUSS, PC**
9210 Corporate
Boulevard
Suite 390
Rockville, MD 20850
Tel 301•258 •1033
Fax 301•330 •3491
mriffkin@grantlaw.net

## **Dickinson Cameron's Statement of the Case**

Dickinson Cameron Construction Company, Inc. ("DCC") served as the general contractor for Zara USA, Inc. in connection with a 1,400 square foot construction/renovation project located at 1025 F Street, N.W.  DCC hired Single Point as a subcontractor.  The project was not completed on time because of Single Point's failure to perform and complete its work in a timely manner.  For example, Single Point failed to timely produce correct and complete shop drawings for the steel work and also failed to provide a sufficient number of workers and materials to the job to timely complete its work.  Single Point's failures impacted other subcontractors who could not complete their work until after Single Point completed its work.  These delays caused DCC substantial damages and resulted in a delayed completion of the project.  DCC had to pay subcontractors overtime to make up for Single Point's failures, and DCC incurred increased overhead and general conditions of having to be on the project many weeks after the planned completion date.  Further, the owner refused to pay DCC in full because of the delayed opening, and DCC has lost future projects with the owner because this job.  In sum, Single Point is responsible for at least $205,000 in damages, plus amounts for loss of business, goodwill and reputation.  Among other reasons, including its failure to give proper notice, Single Point is not entitled to payment for any additional costs for alleged design errors with the project drawings because Single Point expressly agreed that "no additional costs will be allowed if additional costs result from the acts of others beyond the control of [DCC]."

## **Matters Agreed Upon by the Parties in Rule 16.3 Conference**

The parties conferred in accordance with Local Rule 16.3, and agreed as follows:

(1)    Dispositive Motions

**GRANT, RIFFKIN & STRAUSS, PC**
9210 Corporate Boulevard
Suite 390
Rockville, MD 20850
Tel 301•258 •1033
Fax 301•330 •3491
mriffkin@grantlaw.net

All or some portion of the case may be resolved by dispositive motion. No motion has yet been filed, and the parties believe that dispositive motions will most likely be filed after completion of discovery.

(2)   Joinder of Parties and Amendment of Pleadings

The parties do not anticipate joinder of additional parties. As of now, neither party plans to amend its pleadings, but both parties recognize the possibility of amendment depending on developments in discovery and motions practice. The parties will attempt to narrow factual and legal issues to the extent practicable.

(3)   Magistrate Judge

The parties are agreeable to assignment of the case to a magistrate judge for all purposes including trial.

(4)   Settlement

The parties believe that there is a realistic possibility of settling the case.

(5)   ADR

The parties believe that the case could benefit from some form of ADR, which should be conducted after completion of discovery.

(6)   Dispositive Motions

The parties' proposed schedule, including dispositive motions, is set forth below.

(7)   Initial Disclosures

The parties agree to dispense with initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

(8)   Discovery

The parties anticipate straightforward discovery, including interrogatories, document requests, party, non-party and expert depositions. As of now, neither party is aware of a need for protective orders. The parties' proposed schedule for discovery is set forth below.

**GRANT, RIFFKIN & STRAUSS, PC**
9210 Corporate Boulevard
Suite 390
Rockville, MD 20850
Tel 301•258 •1033
Fax 301•330 •3491
mriffkin@grantlaw.net

(9) <u>Expert Witnesses</u>

The parties plan to submit expert witness reports and to deposed expert witnesses, and the proposed schedule for same is set forth below.

(10) <u>Class Action Procedures</u>

Not Applicable.

(11) <u>Bifurcation/Phasing</u>

The parties do not believe that bifurcation and phasing is called for.

(12) <u>Pretrial Conference</u>

The parties proposed date for the pretrial conference is set forth below.

(13) <u>Trial Date</u>

The parties believe that the trial date should be set at the pretrial conference.

## **Schedule**

| | |
|---|---|
| <u>Deadline for service of written discovery</u> | August 31, 2008 |
| The parties agree that reasonable subsequent requests may be based on information that arises during discovery after the deadline for service of written discovery has passed. | |
| <u>Experts' Rule 26(a)(2) Reports</u> | |
|    Plaintiff's and Counterclaimant's | October 31, 2008 |
|    Defendant's and Counterclaim Defendant's | November 21, 2008 |
| <u>Discovery Complete</u> | December 31, 2008 |
| <u>Dispositive Motions</u> | |
|    Motions | February 2, 2009 |
|    Responses | February 23, 2009 |
|    Replies to Responses | March 3, 2009 |
|    Decision on Motions | April 24, 2009 |

GRANT, RIFFKIN & STRAUSS, PC
9210 Corporate Boulevard
Suite 390
Rockville, MD 20850
Tel 301•258 •1033
Fax 301•330 •3491
mriffkin@grantlaw.net

<u>Pretrial Conference</u>                                                                June 1, 2009

                                                Respectfully Submitted:

_____         _____
Michael Riffkin, Esquire                           Michelle L Schaeffer, Esquire
GRANT, RIFFKIN & STRAUSS, PC                       DLA Piper, US LLP
9210 Corporate Boulevard, Suite 390                500 8th Street, NW
Rockville, Maryland 20850                          Washington, DC 20004
301 258 1033                                       202 799 4000
mriffkin@grantlaw.net                              michelle.shaeffer@dlapiper.com

**<u>SO ORDERED:</u>**

_____          _____
Judge, United States District Court for the District of Columbia          Date

**GRANT, RIFFKIN & STRAUSS, PC**
9210 Corporate Boulevard
Suite 390
Rockville, MD 20850
Tel 301•258 •1033
Fax 301•330 •3491
mriffkin@grantlaw.net